UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────

UNITED STATES OF AMERICA,

-v.-

OSIRIS BERNAL,

                Defendant.
─────────────────────────────────

**ORDER**

22 CR 252 (VB)

VINCENT L. BRICCETTI, United States District Judge:

    WHEREAS the Court and the parties seek to ensure that Osiris Bernal has meaningful access to review discovery while in pretrial custody;

    IT IS HEREBY ORDERED that

    1.    Defense counsel is authorized to procure with CJA funds a laptop computer and any subsequent external hard drives that may be required to provide the defendant with access to the discovery (collectively, the "Electronic Devices") for purposes of the discovery review. Counsel shall provide the electronic device to counsel for the Government, who shall review the Electronic Device and confirm that the wireless and printing capabilities are disabled in a manner acceptable to the Westchester County Department of Correction ("WCDOC").

    2.    The Government shall load onto the Electronic Devices such software as the defendant will need to review and make notes on the discovery. The Government shall create a password-protected, administrative account on the Electronic Devices that is separate from Bernal's password-protected, user account to prevent any user from making changes to the Electronic Device.

    3.    The Government will clearly mark the Electronic Devices with Bernal's name, ID number and Marshal's registration number.

4. The Government shall save the discovery onto the Electronic Device as well as on subsequent external hard drives that may be required to provide the defendant with access to the discovery.

5. The Government shall confirm that the discovery is reviewable on the Electronic Devices prior to sending it to the WCDOC.

6. The WCDOC shall designate an officer to receive and store the Electronic Devices (the "Officer").

7. Within thirty days of receipt of the Electronic Device, the Government shall send the Electronic Devices to the Officer, who shall keep the Electronic Devices and charging cables in his or her office.

8. Bernal may access the Electronic Devices for review on a temporary basis and at times approved by jail personnel. This review must take place in Bernal's unit or a location where to the extent possible Bernal is not in the presence of any other inmates. Because of the volume of discovery, Bernal should be afforded the ability to review it for several hours each day to the extent consistent with the conduct of WCDOC operations. Under no circumstances, should the WCDOC deny Bernal meaningful and regular access to the Electronic Devices.

9. After he is finished reviewing the discovery for any given day, Bernal shall return the Electronic Devices to the Officer or his designee.

10. Bernal is strictly prohibited from printing, copying, sending, publishing, or transferring any of the discovery materials on the Electronic Devices. It is the intent of this Order that only Bernal (and his counsel and any other members of his legal defense team, including investigators, paralegals, and support staff, as needed to confer with the Defendant) will have access to the discovery materials on the Electronic Devices.

11.     This Court will revisit this Order and revoke Bernal's access to the Electronic Devices if it appears that he is not abiding by this Order.

12.     No later than the conclusion of the proceedings against Bernal in this Court, whether through dismissal of the charges against Bernal or the sentencing of Bernal, Bernal shall return the Electronic Devices to his counsel, who will promptly provide it to the Administrative Office of the U.S. Courts if it was purchased with CJA funds.

Dated: August 23, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge