UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Joseph Orengo, Jr.,<br>Charles Berard,<br>Osiris Bernal,<br><br>*Defendants.* | **Protective Order**<br><br>S1 22 Cr. 252 (VB) |



Upon the application of the United States of America, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendant(s) of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will

be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Attorney's Eyes Only Material.** Certain of the Government's disclosure material, referred to herein as "attorneys' eyes only disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as attorneys' eyes only disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material that is not sensitive disclosure material or attorney's eyes only material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

2

(b) Prospective witnesses for purposes of defending this action.

3. Sensitive disclosure material shall be disclosed only as follows:

(a) No copies of sensitive disclosure material may be provided to or maintained by the defendant or any prospective witnesses, and may be reviewed by the defendant or prospective witnesses only in defense counsel's presence.

(b) Sensitive disclosure material may be disclosed to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

4. Attorneys' eyes only disclosure material shall be disclosed only to the attorneys for the defendants and may not be disclosed to other individuals. Attorneys' eyes only material may not be provided to or reviewed by defendants.

5. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court. In the event of any dispute regarding the terms of this order, or regarding the designation of particular material as sensitive disclosure material or attorneys' eyes only disclosure material, the parties shall meet and attempt to resolve the dispute. If the parties are unable to resolve the dispute, defense counsel retains the ability to seek modification by the Court. Absent a contrary order of the Court, the Government's designation of material as sensitive disclosure material or attorneys' eyes only disclosure material shall be controlling.

6. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However,

sensitive disclosure material or attorneys' eyes only material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

8. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: _____
Steven J. Kochevar
Assistant United States Attorney


                                                                Date: _____
_____
Rachel Martin
Counsel for Joseph Orengo, Jr.


*James Neuman* (signature)                                      Date:     9/13/22
_____
James Neuman
Counsel for Charles Berard


                                                                Date: _____
_____
Ezra Spilke
Counsel for Osiris Bernal


SO ORDERED:

Dated: New York, New York
       _____, 2022

                                          _____
                                          THE HONORABLE VINCENT BRICCETTI
                                          UNITED STATES DISTRICT JUDGE

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: _____
   Steven J. Kochevar
   Assistant United States Attorney


_____              Date: _____
Rachel Martin
Counsel for Joseph Orengo, Jr.


_____              Date: _____
James Neuman
Counsel for Charles Berard


*Ezra Spilke* (signature)                    Date: 9/15/2022
Ezra Spilke
Counsel for Osiris Bernal


SO ORDERED:

Dated: New York, New York
       _____, 2022

                                    THE HONORABLE VINCENT BRICCETTI
                                    UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____   Date: 10/06/22
Steven J. Kochevar
Assistant United States Attorney


_____   Date: 10/06/2022
Rachel Martin
Counsel for Joseph Orengo, Jr.


_____   Date: _____
James Neuman
Counsel for Charles Berard


_____   Date: _____
Ezra Spilke
Counsel for Osiris Bernal


SO ORDERED:
Dated: White Plains, New York
       10/6, 2022

_____
THE HONORABLE VINCENT BRICCETTI
UNITED STATES DISTRICT JUDGE

5